FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEC 18   3 48 PM '96

RALPH L. DeLOACH,
BY B.W. \_\_\_\_ DEPUTY
AT TOPEKA, KS.

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| vs. | ) | No. | 94-40017-05-SAC |
| | ) | | |
| TERENCE DOUGLAS, | ) | | |
| Defendant. | ) | | |

## ORDER

NOW on this 18th day of December, 1996, the above-entitled matter comes before the Court upon the motion of counsel for the United States for an order reducing defendant's sentence, pursuant to Rule 35, Federal Rule of Criminal Procedure.

The Court, after reviewing the motion and being fully advised in the premises finds as follows:

1.   That on December 1, 1994, defendant entered his plea of guilty to Count 1 of the Second Superseding Indictment: conspiracy to possess with intent to distribute approximately 1947.58 grams of cocaine base. On November 19, 1993, at the request of, and for Jessie Ailsworth, Jr., aka "J.C", defendant, acting as Ailsworth's henchman, delivered approximately 33.81 gms. cocaine base, in return for $3600 food stamps, in a hand-to-hand delivery to Special Agent James K. Hernandez, Office of Inspector General, U.S. Department of Agriculture. Additionally, on March 22, 1994, defendant was holding for Ailsworth approximately 1524.62 gms. crack cocaine. Pursuant to said plea agreement, defendant was debriefed and passed a polygraph examination. He is the only defendant in this case to be consistently truthful with the Government and not obstruct justice by lying to agents in his initial debriefing. He is also the only defendant in this case to pass the first polygraph examination.

2.   That on March 31, 1995, defendant was sentenced to a term of imprisonment of 60 months. His total offense level was 40. His criminal history category was I. This resulted in a

778

Guidelines imprisonment range of 292-365 months. He has been in custody since his initial arrest in this matter.

3. That on July 8, 1996 trial commenced in the matter of U.S.A. v. Jessie Ailsworth, Jr., aka "J.C.". At the request of the Government, and having been promised nothing by the Government, defendant testified against Jessie Ailsworth, Jr. His testimony was honest, sincere and complete. He even offered testimony regarding drug trafficking matters with Ailsworth that were previously unknown to the Government, and which further implicated him in this conspiracy. [It is noted that these matters were not considered in defendant's original P.S.I.R., because they were unknown to the Government and the U.S. Probation Office.]

4. That as a result of defendant's cooperation, he likely faces the threat of harm. Ailsworth and his associates have threatened and attempted to kidnap and harm confidential informants in the past.

5. That partially as a result of defendant's cooperation, on August 15, 1996, the jury in the matter of U.S.A. v. Jessie Ailsworth, Jr., aka "J.C.", returned a guilty verdict to the charge of conspiracy to possess with the intent to distribute or dispense cocaine base. The jury did convict Ailsworth of the substantive offenses involving defendant. It is believed that he was 100% honest with the Government and the jury regarding his involvement in this matter.

6. That the initiating agencies, U.S. Dept. of Agriculture, Office of Inspector General, Investigations, and the Topeka Police Department, both report their agreement that defendant's sentence should be reduced to reflect his subsequent substantial assistance to law enforcement.

7. That defendant has cooperated to the fullest extent of his abilities, and performed each and every task expected of him. As a cooperating witness in this matter, defendant has fulfilled every expectation of law enforcement and the office of the United States Attorney for the District of Kansas.

8. That the sentence previously imposed on this defendant does not reflect his substantial assistance herein.

9.  That based upon the defendant's substantial assistance in this matter, it is the recommendation of the United States that the court depart downward from the sentence defendant is currently serving, sentence defendant to a term of imprisonment of time served, and release him to commence serving his court ordered term of supervised release. The United States respectfully submits that this suggested downward departure reflects not only defendant's involvement in the matters charged in this Second Superseding Indictment, but also accurately reflects his subsequent substantial assistance in this matter.

IT IS THEREFORE ORDERED that defendant's sentence of imprisonment is commuted to time served in custody since his arrest in this matter.

IT IS THEREFORE FURTHER ORDERED that defendant be immediately released from custody to commence serving his Court ordered term of supervised release, consistent with the terms and conditions previously ordered by this Court.

IT IS SO ORDERED.

/s/   SAM A. CROW
---
HON. SAM A. CROW
Senior U.S. District Judge


APPROVED:

Alan G. Warner
Attorney for defendant

Gregory G. Hough
Assistant U.S. Attorney
District of Kansas

3