IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    Plaintiff,

      Vs.                                  No.  94-40017-01-SAC

JESSIE AILSWORTH, JR.,

                    Defendant.


MEMORANDUM AND ORDER

              The case comes before the court on a motion filed by the

defendant Jessie Ailsworth, Jr. to reduce his sentence under the authority

of 18 U.S.C. §  3582(c) and Amendment 706 to the United States

Sentencing Guidelines.  (Dk. 930).  Amendment 706 generally adjusts

downward by two levels the base offense level assigned to quantities of

cocaine base listed in the Drug Quantity Table of § 2D1.1(c).  *See* U.S.S.G.

App'x C Supplement Amendment 706 (Nov. 1, 2007).  This amendment

took effect on November 1, 2007, and was made retroactive as of March 3,

2008.  *See* U.S.S.G. App'x C Supplement, Amendment 713 (Mar. 3, 2008).

Because this Amendment retroactively reduces the "sentencing range" on

all cocaine base offenses, the defendant asserts the district court has

authority to consider his motion pursuant to 18 U.S.C. § 3582(c).  The

government argues the district court is not authorized under § 3582(c) to consider the defendant's motion for reduction, as the Amendment does not lower the defendant's applicable guideline range.

## PROCEDURAL AND FACTUAL HISTORY

After a lengthy trial in the summer of 1996, the jury found the defendant guilty of some, but not all of the drug trafficking crimes charged in the second superseding indictment. *See United States v. Ailsworth*, 948 F. Supp. 1485 (D. Kan. 1996) (denying defendant's post-trial motions for relief), *aff'd*, 138 F.3d 843 (10th Cir.), *cert. denied*, 525 U.S. 896 (1998). The presentence report ("PSR") found that 12 kilograms of cocaine base were attributable to the defendant which resulted in a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1) (1.5 kilograms or more of cocaine base). The court overruled the defendant's objections to the drug quantity determinations and even noted that the PSR's "calculation of 12 kilograms during the life of the conspiracy is probably conservative." (Trans. of Sentencing 12/23/1996 at p. 30).[1] Using the highest base offense level of 38 on the drug quantity table, U.S.S.G. § 2D1.1(c)(1) and making other

_____

[1] The defendant concedes in his current motion that "[t]he Court found Mr. Ailsworth responsible for 12 kilograms of crack cocaine." (Dk. 930, p. 1).

2

appropriate guideline adjustments, the court followed the sentencing guidelines that were mandatory at the time and sentenced the defendant to 360 months' imprisonment.

## ARGUMENT AND ANALYSIS

The district court's authority to decide motions like the defendant's filing is found at 18 U.S.C. § 3582(c)(2), which provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . <u>if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission</u>."  18 U.S.C. § 3582(c)(2) (underlining added).  In recently discussing and applying this statute, the Tenth Circuit emphasized this underlined condition and pointed to the following as among the applicable Commission policy statements:

> The Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(a)(2)(B) states that a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if" the reduction "does not have the effect of lowering the defendant's applicable guideline range."  Guideline section 1B1.10(b)(1) also states that when determining whether a reduction is appropriate, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008).  The

Tenth Circuit in *Sharkey* agreed that the district court must deny a

defendant's § 3582(c) motion when Amendment 706 has no effect on the

guideline range applied in sentencing the defendant.  The Tenth Circuit

panel concluded:

> As a result, "a reduction" in Sharkey's term of imprisonment "is not
> consistent with" the policy statement in § 1B1.10 "and therefore is not
> authorized under 18 U.S.C. §  3582(c)(2)" because a two-level
> reduction in the offense level under Amendment 706 "does not have
> the effect of lowering [his] applicable guideline range." See U.S.S.G.
> § 1B1.10(a)(2)(B), Amendment 712 (March 3, 2008 Supp.).  Because
> Amendment 706 has no effect on the Guideline Sharkey was
> sentenced under, Sharkey's motion for relief pursuant to § 3582(c)(2)
> was properly denied.

*Id.*

Amendment 706 does not lower the defendant Ailsworth's

applicable guideline range.  Before the Amendment, a base offense level of

38 applied to a case that involved 1.5 kilograms or more of cocaine base.

Upon finding that 12 kilograms of cocaine base were attributable to the

defendant, the sentencing court applied a base offense level of 38.

Amendment 706 recently raised the threshold amount of cocaine base from

1.5 kilograms to 4.5 kilograms for a base offense level of 38.  Because he

is accountable for more than 4.5 kilograms, specifically 12 kilograms, the

defendant's base offense level and guideline range is not lower as a result of Amendment 706.  For this reason, a reduction of the defendant's sentence "is not consistent with" U.S.S.G. § 1B1.10(a)(2)(B).  It follows then that the court is without authority to reduce the defendant's sentence for a reduction would not be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. §  3582(c)(2).  *See, e.g., United States v. Wanton*, 525 F.3d 621, 622 (8th Cir. 2008) ("[T]he new amendment does not apply where more than 4.5 kilograms of crack is involved. U.S.S.G. § 2D1.1 cmt. n. 10(D)(ii).").                    The defendant reads "sentencing range" in § 3582(c) to mean something more than "guideline range."  Since "guideline range" is found in § 3582(b)(3) and "sentencing range" is used later in the same statute at subsection § 3582(c)(2), the defendant concludes Congress must have intended the terms to have different meanings.  The defendant construes "guideline range" to be that guideline range determined for a particular defendant while "sentencing range" to be that general guideline range determined for a group of offenses.[2]  The defendant recognizes that U.S.S.G. § 1B1.10

---

[2]How the defendant reaches these different meanings seems indefensible or, at best, unexplained.  The defendant chooses to read § 3582(b) to apply to a "particular" defendant or case, but he does not read § 3582(c) to apply to a "particular" defendant even though it plainly begins

regards "sentencing range" and "guideline range" not as unique and different terms but as interchangeable terms with the same meaning. Thus, the defendant argues that the § 1B1.10 policy is void for conflicting with § 3582(c) and is trumped by the latter expression of congressional intent.  The defendant claims the sentencing court's authority to reduce the sentence on his cocaine base convictions exists because Amendment 706 lowered the "sentencing range" for cocaine base offenses generally.

Beyond its novelty, there is little to commend the defendant's argument.  It has found no favor in this district.  *See, e.g., United States v. Dryden*, 2008 WL 4822161 at *2 (D. Kan. Nov. 4, 2008) ("This distinction is unclear at best, particularly given that § 3582(c) references a 'sentencing range' as determined by the guidelines, which would appear to mean, then, the same thing as a "guideline range.").  In an appeal of a § 3582 ruling, the Eleventh Circuit recently rejected an effort to distinguish the terms, "guideline range" and "guideline sentence," and it further noted "that there is no effective difference between the terms "guideline range," "guidelines range," and "sentencing range."  *United States v. Williams*, ---F.3d---, 2008 WL 5000148 at *5 n.4 (11th Cir. Nov. 26, 2008).  The Tenth Circuit has

_____

with, "in the case of a defendant who has been sentenced . . . ."

construed § 3582(c) to incorporate expressly the policy statement requirements at § 1B1.10.  *United States v. Rhodes*, ---F.3d---, 2008 WL 5102247, at *5 (10th Cir. Dec. 5, 2008) ("Section 3582(c)(2) authorizes a district court to 'reduce the term of imprisonment' only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'  18 U.S.C. § 3582(c)(2).  The 'applicable policy statements issued by the Sentencing Commission' are set forth in § 1B1.10 . . . .").  The goal then is not to construe these terms so as to create an unintended conflict but to insure the terms retain their plain meanings and the policy statement requirements in U.S.S.G. § 1B1.10 are fully applicable as Congress intended.

The defendant's expansive reading of "sentencing range" would effectively write out the statutory requirement of a reduction being consistent with the Sentencing Commission's policy statement at § 1B1.10.  A sentencing court would have the authority to reduce the sentence of every defendant with a cocaine base conviction regardless of the amendment's actual effect upon the applicable guideline ranges.  The Tenth Circuit in *Rhodes* recently held that a sentencing court lacks such authority:

The Sentencing Commission's policy statements regarding modifications of previously imposed sentences are set forth in § 1B1.10. Under the current version of that guideline, the Sentencing Commission has clearly indicated that a sentencing court shall not, in modifying a previously imposed sentence on the basis of an amended guideline, impose a sentence below the amended guideline range. Because this policy statement is binding on district courts pursuant to § 3582(c)(2), the district court when sentencing Rhodes correctly concluded that it lacked the authority to impose a modified sentence that fell below the amended guideline range. Stated differently, the district court properly concluded that the lowest modified sentence it could impose on Rhodes was 168 months, the bottom of this amended guideline range.

*United States v. Rhodes*, 2008 WL 5102247 at *7. Relying on the plain terms of § 3582(c), the Tenth Circuit regards the policy statement at § 1B1.10 to be binding on district courts.

The use of both "guideline range" and "sentencing range" in § 3582 and the respective contexts for each do not suggest that Congress intended them to be distinct terms with different meanings. The court finds nothing in the context or wording of § 3582 to support the defendant's reading of "guideline range" as applying to a given defendant while "sentencing range" as not applying to a particular defendant. The appearance of both terms, however, does serve to clarify the links between the particular provisions in § 3582 and the related statutes. In describing the finality of a judgment on a sentence that is "outside the guideline

8

range," § 3582(b)(3) plainly links itself to its cross reference of § 3742 (appellate "review of a sentence") which similarly refers to sentences in relation to the applicable "guideline range."  In addressing when a court may "modify a term of imprisonment once it has been imposed," § 3582(c)(2) plainly links itself to its cross reference of § 3553 ("imposition of a sentence") by employing the same term, "sentencing range" used in § 3553.  Indeed, § 3553(a)(4) uses "sentencing range" as that "established for---(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--(I) issued by the Sentencing Commission. . . ."  Thus, "sentencing range" as used in § 3553(a)(4) is defined as the applicable guideline range.  It follows then that § 3582(c)(2) in referencing § 3553 and using the same term, "sentencing range," necessarily incorporates the same statutory definition in § 3553(a)(4).  There is nothing in § 3582(c)(2) to suggest that Congress intended a meaning unique from the definition found in the cross-referenced § 3553.  The court rejects the defendant's statutory construction argument.

Because the amendment does not lower the defendant's applicable guideline range, a reduction of the  defendant's term of

imprisonment "is not consistent with" U.S.S.G. § 1B1.10 "and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." *United States v. Sharkey*, 543 F.3d at 1239.  This determination means "the district court [is] without jurisdiction to consider the motion, and the case should . . . [be] dismissed for lack of jurisdiction." *United States v. Harper*, 2008 WL 2514170, at *2 (10th Cir. Jun. 25, 2008).

IT IS THEREFORE ORDERED that the defendant's motion to reduce his sentence under the authority of 18 U.S.C. §  3582(c)(2) (Dk. 930) is dismissed.

Dated this 11th day of December, 2008, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge