IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                 No. 13-4081-SAC
                                     No. 94-40017-01-SAC

JESSIE AILSWORTH, JR.,

        Defendant.

MEMORANDUM AND ORDER

The defendant, Jessie Ailsworth, Jr., a federal prisoner proceeding pro se, moves the court for an order vacating his 360-month sentence for drug trafficking and food stamp fraud convictions in 1996. (Dk. 956). After receiving no relief on his direct appeal, Ailsworth filed his first § 2255 motion which the district court denied in large part but granted relief on one issue and entered an amended judgment that reduced his term of supervised release from ten years to five years. (Dk. 902). The Tenth Circuit denied a certificate of appealability ("COA") and dismissed Ailsworth's appeal. (Dk. 923).

In 2006, the Tenth Circuit then denied Ailsworth permission to file a successive § 2255 motion and rejected the retroactive application of *United States v. Booker*, 543 U.S. 220 (2005). (Dk. 928). In 2008, Ailsworth's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was denied by the district court, and the denial was affirmed on appeal. (Dks. 933, 943). Most

recently, in 2012, Ailsworth filed a motion for writ of audita querela. (Dk. 946). The district court construed the Ailsworth's pleading to be a § 2255 motion for which he did not seek prior authorization from the Tenth Circuit pursuant to § 2244(b)(3). (Dk. 947). The district court dismissed the petition for lack of jurisdiction and denied a COA. (Dks. 947 and 954). The Tenth Circuit denied a COA and dismissed the appeal. *United States v. Ailsworth*, 513 Fed. Appx. 720 (10th Cir. Mar. 14, 2013).

On July 31, 2013, Ailsworth filed his latest § 2255 motion arguing for the retroactive application of *Alleyne v. United States*, ---U.S.---, 133 S. Ct. 2151 (2013). (Dk. 956). The Supreme Court in *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), and found that the Sixth Amendment rights recognized in *Apprendi v. New* Jersey, 530 U.S. 466 (2000), also apply to facts triggering a mandatory minimum sentence. Ailsworth contends his motion is not a successive § 2255 motion as *Alleyne* establishes a new rule made retroactive to collateral review cases.

There is no question but Ailsworth's latest motion is a successive motion. At the very least, it is successive to his motion for writ of audita querala that was denied as a § 2255 motion. Ailsworth seeks to have his motion certified as containing "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Seventh Circuit recently

rejected an (h)(2) application based on *Alleyne*:

> First, § 2255(h) applies only when the new rule has been "made retroactive to cases on collateral review by the Supreme Court." The declaration of retroactivity must come from the Justices. *See Dodd v. United States*, 545 U.S. 353 (2005); *Tyler v. Cain*, 533 U.S. 656 (2001). The Court resolved *Alleyne* on direct rather than collateral review. It did not declare that its new rule applies retroactively on collateral attack.
>
> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. *See also Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002)(*Apprendi* itself is not retroactive). But the decision is the Supreme Court's, not ours to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

*Simpson v. United States*, ---F.3d---, 2013 WL 3455876 at *1 (7th Cir. July 10, 2013). For a petitioner to come within the terms of a new rule under (h)(2), the Supreme Court must "*explicitly hold*[] that the rule it announced applies retroactively." *Bey v. United States*, 399 F.3d 1266, 1268 (10th Cir. 2005)(emphasis in original). Because the Supreme Court has not explicitly held that the rule announced in *Alleyne* applies retroactively, Ailsworth is not authorized to bring a successive collateral attack based on § 2255(h)(2). Consequently, in the exercise of its discretion, the court will not transfer Ailsworth's motion but dismisses it for lack of jurisdiction. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (either the district court may transfer unauthorized second or successive § 2255 motion to the Tenth Circuit "if it

determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion . . . for lack of jurisdiction."). As of this date, Ailsworth has no valid argument for applying the exception at § 2255(h)(2).

As required by Rule 11 of the Rules Governing Section 2255 Proceedings, the court decides in this final order whether to issue a COA. Because the court dismissed the § 2255 petition on procedural grounds without reaching its merits, the COA requires the movant to demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the district court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is not debatable that Ailsworth's motion is successive and fails to meet the plain terms of § 2255(h)(2). The court denies a COA.

IT IS THEREFORE ORDERED that defendant's motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 956) is dismissed for lack of jurisdiction;

IT IS FURTHER ORDERED that a COA is denied.

Dated this 6th day of August, 2013, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge