IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                No.   94-40017-01-SAC

JESSIE AILSWORTH, JR.,

            Defendant.

MEMORANDUM AND ORDER

        The defendant, Jessie Ailsworth, Jr., a federal prisoner serving a 360-month sentence for drug trafficking and food stamp fraud convictions in 1996, has filed two motions:   a motion to vacate judgment pursuant to Fed. R. Crim. P. 36, in pari materia to Fed. R. Civ. P. 60(b), in which he asks for *Alleyne v. United States,* ---U.S.---, 133 S. Ct. 2151 (2013), to be applied retroactively (Dk. 958); and a motion for a modification of sentence in which he asks for Amendment 750 to the United States Sentencing Guidelines to be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) (Dk. 959).

        A background on the defendant's post-conviction filings is important. Mr. Ailsworth's first § 2255 motion was denied in large part but granted on one issue, and the court's amended judgment reduced his term of supervised release from ten years to five years. (Dk. 902). The Tenth Circuit denied a certificate of appealability ("COA") and dismissed Mr. Ailsworth's appeal. (Dk. 923).

In 2006, the Tenth Circuit denied the defendant Ailsworth permission to file a successive § 2255 motion and rejected the retroactive application of *United States v. Booker*, 543 U.S. 220 (2005). (Dk. 928). In 2008, Mr. Ailsworth's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) was denied by the district court, and the denial was affirmed on appeal. (Dks. 933, 943). In 2012, the defendant Ailsworth's motion for writ of audita querela was denied as a successive § 2255 filed without prior authorization, (Dk. 947), and the Tenth Circuit denied a COA and dismissed the appeal. *United States v. Ailsworth*, 513 Fed. Appx. 720 (10th Cir. Mar. 14, 2013).

On July 31, 2013, Mr. Ailsworth filed yet another § 2255 motion arguing this time for the retroactive application of *Alleyne v. United States*. (Dk. 956). This motion was dismissed for lack of jurisdiction, as it was an unauthorized successive collateral attack that did not mean the requirements of § 2255(h)(2). (Dk. 958, pp. 3-4). The defendant did not seek review of the district court's ruling.

Now the defendant Ailsworth has filed a motion pursuant to Fed. R. Crim. P. 36 "in pari materia to" Fed. R. Civ. P. 60(b). In the body of the motion, he seeks as relief a finding that his conviction is void and does so repeating his position from last year's filing that *Alleyne* should be retroactively applied to his sentence. The defendant plainly is making a substantive attack on his

sentence. "Rule 36 does not empower a court to substantively modify a sentence." *United States v. Butler*, 533 Fed. Appx. 867, 870 (10th Cir. 2012) (citing *United States v. Blackwell*, 81 F.3d 945, 948 n.3 (10th Cir. 1996) and *United States v. Lonjose*, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011)). The defendant's motion does not attempt to show any sentencing decisions that could be characterized as an oversight or "clerical error" coming within the terms of Rule 36. To pursue a substantive change to his sentence, the defendant would have to file a § 2255 motion as he did last year. The court dismissed that motion last year as a successive filing. The court would make the same ruling today, for the Tenth Circuit has decided that *Alleyne* does not apply retroactively on collateral review. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013). The defendant's Rule 36 motion is denied.

The defendant's other motion is similar to his first in that he pursues the same failed arguments from a prior motion. When Amendment 706 to the United States Sentencing Guidelines did not lower the defendant Ailsworth applicable sentencing guideline range, he still filed a motion in 2008 arguing the sentencing court was given the discretionary authority to reduce sentences for cocaine base offenses generally. The Tenth Circuit affirmed the district's court rejection of this argument. *United States v. Ailsworth*, 325 Fed. Appx. 658 (10th Cir.), *cert. denied*, 558 U.S. 907 (2009). The defendant's current motion to modify sentence under 18 U.S.C. § 3582(c) impliedly

concedes that Amendment 750 does not lower the guideline range applicable to his sentence as to authorize a sentence reduction under U.S.S.G. § 1B1.10(a)(1). Instead, the defendant recasts his 2008 arguments for reading Amendment 750 as giving a sentencing court the authority and discretion to reduce any cocaine base sentence.

When it sentenced the defendant Ailsworth, the court found him responsible for 12 kilograms of cocaine base. (Dk. 933, p. 2). "Amendment 750 'does not lower the sentences for offenses' that involved '8.5 kilograms or more' of crack cocaine." *United States v. McIntyre*, 470 Fed. Appx. 717, 718 (10th Cir.) (quoting U.S.S.G. app. C, amend. 750 cmt.), *cert. denied*, 133 S. Ct. 492 (2012). The Tenth Circuit has held that a sentencing court has no authority in these circumstances to reduce a sentence based on Amendment 750:

> "Under § 1B1.10(a)(2)(B), a sentence reduction is not authorized if the amendment at issue 'does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Darton*, 595 F.3d 1191, 1194 (10th Cir.2010); *see also Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."). "[D]istrict courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir.2013). Because Angulo–Lopez's sentence was based on 47.82 kilograms of cocaine base, far above the quantity affected by Amendment 750, the amendment did not have the effect of lowering his Guidelines range. The district court was therefore correct in determining that a sentence reduction was not authorized.

*United States v. Angulo-Lopez,* 2014 WL 3907051, at *2 (10th Cir. Aug. 12,

2014). Without authority to grant the relief requested in the defendant's motion, the court dismisses the motion.

IT IS THEREFORE ORDERED that the defendant's motion to vacate judgment pursuant to Fed. R. Crim. P. 36 (Dk. 958) is denied;

IT IS FURTHER ORDERED that the defendant's motion for a modification of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Dk. 959) is dismissed.

Dated this 15th day of October, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge