IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

      Plaintiff,

Vs.                 No. 94-40017-01-SAC

JESSIE AILSWORTH, JR.,

      Defendant.

MEMORANDUM AND ORDER

    The defendant, Jessie Ailsworth, Jr., a federal prisoner serving a 360-month sentence for drug trafficking and food stamp fraud convictions in 1996, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon United States Sentencing Guideline Amendment 782 which takes effect on November 1, 2015. (Dk. 968). The court denied the motion by written order filed February 17, 2015. (Dk. 969). The order explained that Amendment 782 lowered the defendant's total offense level to 40, but the amended guideline range remained the same as the guideline range used in his original sentence, 360 months to life. (Dk. 969).

    The defendant now asks the court to reconsider its ruling arguing that the court at his original sentencing erred in calculating his criminal history category. (Dk. 970). This motion does not give the authority to recalculate defendant's criminal history. Last year the defendant made a similar argument for the court having the inherent authority through retroactive Amendment

750 to reduce any cocaine base sentence based on any available argument.

The court's order quoted the following relevant Tenth Circuit case law:

> "Under § 1B1.10(a)(2)(B), a sentence reduction is not authorized if the amendment at issue 'does not have the effect of lowering the defendant's applicable guideline range.'" *United States v. Darton*, 595 F.3d 1191, 1194 (10th Cir.2010); *see also Dillon v. United States*, 560 U.S. 817, 821 (2010) ("Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission."). "[D]istrict courts cannot recalculate aspects of a sentence that are unaffected by a retroactively applicable amendment to the Guidelines." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir.2013). Because Angulo–Lopez's sentence was based on 47.82 kilograms of cocaine base, far above the quantity affected by Amendment 750, the amendment did not have the effect of lowering his Guidelines range. The district court was therefore correct in determining that a sentence reduction was not authorized.

*United States v. Angulo-Lopez,* 2014 WL 3907051, at *2 (10th Cir. Aug. 12, 2014). The same principles govern here. There is nothing for the court to reconsider. It lacks authority to reduce the defendant's sentence under Amendment 782, because the amendment does not have the effect of lowering the defendant's applicable guideline range. And, the court may not recalculate the defendant's criminal history, because it is "unaffected" by the retroactive Amendment 782. *See id*.

IT IS THEREFORE ORDERED that the defendant's motion to reconsider (Dk. 970) is denied;

Dated this 9th day of April, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge