IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                                      No.   94-40017-01-SAC

JESSIE AILSWORTH, JR.,

           Defendant.

MEMORANDUM AND ORDER

The defendant, Jessie Ailsworth, Jr., continues his "years-long effort . . . to reduce the 360-month sentence" imposed for drug trafficking and food stamp fraud convictions in 1996. (Dk. 974, p. 2). His latest filing is captioned a motion for relief under Fed. R. Civ. P. 60(b) based on the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788 (2010). (Dk. 975). His latest filing again challenges his sentence, and this time, he argues the sentencing court erred in using a prior state court conviction and sentence which he now argues was part of the instant offense of conviction. He procedurally frames this argument as his counsel was ineffective in not raising this issue in his first 28 U.S.C. § 2255 filing. He hopes to clear the procedural hurdles on second or successive § 2255 motions by arguing the applicability of *Magwood*.

As background, Mr. Ailsworth's first § 2255 motion was denied, but the court reserved the issue of the government's failure to serve the notice

required under 21 U.S.C. § 851(a)(1) and set the matter down for hearing. Because of this outstanding issue, the government then filed its own motion to reduce the defendant's supervised release term from ten to five years, and the court granted this motion, canceled the hearing, and indicated its ruling on the defendant's § 2255 motion was final and complete. (Dk. 901). An amended judgment was filed on September 12, 2002, reducing the term of supervised release. (Dk. 903). Mr. Ailsworth was represented by counsel in these § 2255 proceedings. The Tenth Circuit denied a certificate of appealability ("COA") and dismissed Mr. Ailsworth's appeal. (Dk. 923).

In 2006, the Tenth Circuit entered an order denying Mr. Ailsworth permission to file a successive § 2255 motion and rejected the retroactive application of *United States v. Booker*, 543 U.S. 220 (2005). (Dk. 928). In 2008, counsel for Mr. Ailsworth filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Dk. 930). The district court denied this motion, (Dk. 933), and this decision was affirmed on appeal (Dk. 943).

A three-year hiatus of filing post-conviction motions ended with Mr. Ailsworth's motion for writ of audita querela filed November 1, 2012. (Dk. 946). The court promptly denied this motion as a successive § 2255 filed without prior authorization. (Dk. 947). The Tenth Circuit denied a COA and dismissed the appeal. *United States v. Ailsworth*, 513 Fed. Appx. 720 (10th Cir. Mar. 14, 2013). The panel found that this petition challenged the amended

judgment and that it was debatable whether the petition was an unauthorized successive § 2255 motion in light of *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788 (2010). 513 Fed. Appx. at 722-23. The panel, however, concluded that the district court's decision to amend the judgment on the term of a supervised release without a full resentencing of the defendant did not deny him any constitutional right. *Id.* at 723.

Mr. Ailsworth next filed in July of 2013 another motion to vacate pursuant to 28 U.S.C. § 2255 arguing this time for the retroactive application of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). (Dk. 956). This motion was dismissed for lack of jurisdiction, as it was an unauthorized successive collateral attack that did not meet the requirements of § 2255(h)(2). (Dk. 958, pp. 3-4). The defendant did not seek review of the district court's ruling.

Most recently, the court denied Mr. Ailsworth's motion pursuant to Fed. R. Crim. P. 36 "in pari materia to" Fed. R. Civ. P. 60(b), (Dk. 958), and his motion to modify his sentence through the retroactive application of Amendment 750 to the Sentencing Guidelines, (Dk. 959). The court construed the first motion as brought under Rule 36 and denied it, and the court dismissed the second motion for lack of authority to grant relief. (Dk. 973). On appeal, the Tenth Circuit treated the first motion as an unauthorized successive habeas petition in that Mr. Ailsworth principally relied on Rule 60(b) and then requested "relief from his sentence on the ground that it was entered

in violation of the Sixth Amendment." (Dk. 974, p. 4). In other words, he was seeking a substantive change to his sentence based on a substantive attack to it. Thus, the panel found the first motion was a successive § 2255 which the district court lacked the jurisdiction to deny. The panel in a footnote observed, "Even if this present motion is considered an attack on the amended judgment and not successive to his first habeas petition, it is certainly not his first or even second attempt at doing so." *Id.* at p. 5, n. 5. The court went on to deny Mr. Ailsworth's first motion as an implied application for authorization to file a successive § 2255 motion. The court also dismissed Mr. Ailsworth's appeal of his second motion as untimely.

Mr. Ailsworth's latest Rule 60(b) motion challenges the court's amended judgment. (Dk. 975). He contends his habeas counsel ineffectively represented him on the first petition by failing to argue that a prior state drug conviction was part of the instant federal drug conspiracy offense. This latest motion is a collateral attack upon the defendant's sentence. Mr. Ailsworth is arguing his sentence violates the law in that the criminal history was wrongly calculated. He wants to be resentenced without this prior conviction being used as part of his criminal history score. Based on the arguments made and relief sought in Mr. Ailsworth's Rule 60(b) motion, the court must treat it as a § 2255 motion.

There is no question that this motion is a second or successive §

4

2255 pleading. The Tenth Circuit's most recent order spells out that any § 2255 motion now filed by Mr. Ailsworth collaterally attacking the amended judgment would be a successive pleading. Thus, this latest motion does not come within the terms of the *Magwood* ruling. (Dk. 974, p. 5, n. 5). This court is without jurisdiction to consider a second or successive § 2255 motion, because Mr. Ailsworth must request permission from the Tenth Circuit to file a second or successive § 2255. See 28 U.S.C. § 2255(h); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

Should a second or successive § 2255 be filed without the Tenth Circuit's prior authorization, the district court has the discretion either to transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citations omitted). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Id.* at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999) ("noting that it is a waste of judicial resources to require the transfer of frivolous, time-barred cases")). Having already filed multiple § 2255 motions, Mr. Ailsworth cannot receive permission to file another unless he has newly discovered evidence that he is actually innocent or the Supreme Court

has recognized a new rule of constitutional law made retroactive to cases on collateral review. His latest motion does not offer any reasonable argument for meeting these requirements. The court, therefore, declines to transfer Mr. Ailsworth's motion to the Tenth Circuit and finds that the defendant's motion should be dismissed for lack of jurisdiction.

As required by Rule 11 of the Rules Governing Section 2255 Proceedings, the court decides in this final order whether to issue a COA. Because the court dismissed the § 2255 petition on procedural grounds without reaching its merits, the COA requires the movant to demonstrate that it is reasonably debatable whether (1) the motion states a valid claim of the denial of a constitutional right and (2) the district court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It is not debatable that Ailsworth's motion is successive and fails to meet the plain terms of § 2255(h)(2). The court denies a COA.

IT IS THEREFORE ORDERED that the Mr. Ailsworth's motion for relief from judgment (Dk. 975) is dismissed for lack of jurisdiction;

IT IS FURTHER ORDERED that a COA is denied.

Dated this 16th day of June, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge