IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.                                                   No. 94-40017-01-SAC

JESSIE AILSWORTH, JR.,

    Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on the defendant Jessie Ailsworth, Jr.'s motion to terminate his supervised release pursuant to 18 U.S.C.§ 3583(e)(1). ECF# 989. In 1996, a jury convicted Mr. Ailsworth on drug trafficking offenses and food stamp violations for which he received a sentence of 360 months' imprisonment. Pursuant to the First Step Act of 2018, the court reduced Mr. Ailsworth's sentence to 240 months on January 25, 2019, but his five-year term of supervised release was not reduced. ECF# 986. In his pending motion, Mr. Ailsworth states that he began supervised release on January 29, 2019, and that he waited to seek early termination until after successfully completing 13 months of supervised release.

Mr. Ailsworth argues he is in good standing with the Probation

Office having complied with all conditions of his supervised released, he has passed all drug testing, he has kept employment with a construction company earning $12.00 per hour, and he has been successful in adjusting to supervision and in reintegrating into the community. He presently lives with his parents and grandmother in Topeka, Kansas, and enjoys their support. He explains his request for early termination is "to support his desire to travel—for both leisure and work" and notes he is "55 years old—having spent half of his adult life in prison." ECF# 989, p. 7. Finally, Mr. Ailsworth represents his early termination would not be a danger to public safety and would be in the interest of justice.

In opposing the defendant's request, the government notes the seriousness of the defendant's criminal conduct that included leading a significant crack cocaine distribution conspiracy involving substantial drug quantities and the use of firearms. The supervised release officer for Mr. Ailsworth recognizes his performance as compliant and satisfactory but does not support the early termination request based on his criminal history and his short time on supervised release. The government highlights Mr. Ailsworth's leadership over a conspiracy involved in serious criminal activity. The government disputes that Mr. Ailsworth's time on supervised release and his satisfaction of its minimal requirements as sufficient to

show grounds for early termination. The government challenges the inferential leap required to say that holding down employment and living with family for 13 months establishes Ailsworth's rehabilitation and integration into the community. The government's position is that Mr. Ailsworth's motion is premature.

After considering certain 18 U.S.C. § 3553(a) factors, a court may terminate a defendant's supervised release after one year of supervision "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The statute commits this determination to the discretion and exclusive authority of the sentencing court. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir.), *cert. denied*, 567 U.S. 935 (2012). Courts are required by 18 U.S.C. § 3583(e) to consider the following factors: "the nature and circumstances of the offense and the history and characteristics of the defendant;" "adequate deterrence;" protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing; pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. 18 U.S.C. § 3553(a)(1), (2)(B)-(D), and (4)-(7); *see United*

States v. Gainer*, 936 F. Supp. 785, 786 (D. Kan. 1996).[1] Courts "require[ ] the defendant, as the party receiving the benefit of early termination, to demonstrate that such a course of action is justified." *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006) (citations omitted).

After considering the relevant factors and weighing the parties' different arguments, the court concludes the motion for early termination of supervised release should be denied. Mr. Ailsworth is to be commended for his positive performance on supervised release and for maintaining employment. The court does not necessarily equate these achievements after only 13 months as showing community reintegration and adjustment. The nature of his employment, as well as his living arrangements with his parents are appropriate and good first steps toward reintegration and adjustment, but they are not compelling indicators of lasting or permanent change. The same can be said about his minimal compliance on supervised release after only 13 months. The court simply cannot find that the defendant's conduct to date necessarily demonstrates a willingness and capability to remain lawful beyond the period of supervision. But most important to the court's judgment are the other factors of the seriousness of

---

[1] No hearing is necessary under Fed. R. Crim. P. 32.1(c)(1), as the court will not be modifying the conditions of supervised release. *United States. Hines*, 2019 WL 4221491, at *2 (S.D.N.Y. Sep. 5, 2019).

Mr. Ailsworth's criminal offenses and the leader role he played in the extensive cocaine base distribution conspiracy. In a prior decision, this court summarized Mr. Ailsworth's case in these terms:

> Following a lengthy jury trial during the summer of 1996, the jury found the defendant guilty of some, but not all of the drug trafficking crimes charged in the second superseding indictment. See United States v. Ailsworth, 948 F.Supp. 1485 (D.Kan.1996) (denying defendant's post-trial motions for relief), aff'd, 138 F.3d 843 (10th Cir.), cert. denied, 119 S.Ct. 221 (1998). Based upon the substantial amount of cocaine base attributable to Ailsworth and his role in the offense, the defendant received a primary term of incarceration of 30 years.

*United States v. Ailsworth*, 1999 WL 706111, at *1 (D. Kan. July 28, 1999). Mr. Ailsworth recently benefited from a substantial reduction in his sentence. The court believes the seriousness of his offense warrants additional supervision to ensure adequate deterrence and promote his opportunities to succeed at reintegrating into the community without returning to drug trafficking activities. In sum, the court cannot say at this time that the circumstances of the defendant's conduct warrant early termination and that the interests of justice would be served in light of the defendant's serious offense and the history and characteristics of his role in that criminal conspiracy. The court certainly wants to encourage the defendant to maintain his commendable efforts on supervision and then to file another motion later during his supervision.

IT IS THEREFORE ORDERED that Mr. Ailsworth's motion to terminate his supervised release pursuant to 18 U.S.C.§ 3583(e)(1) (ECF# 989) is denied.

Dated this 3rd day of April, 2020, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge